# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

1825 Rt. 309 Allentown, LLC,      :
              Appellant      :
      :
      v.      :
      :
Zoning Hearing Board of      :
South Whitehall Township and      :  No. 487 C.D. 2022
Landston Equities, LLC      :  Submitted: February 17, 2023

BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE ELLEN CEISLER, Judge
                 HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED: August 17, 2023

This is an appeal by 1825 Rt. 309 Allentown, LLC (Objector) from an order of the Court of Common Pleas of Lehigh County (common pleas court) in a zoning matter. The common pleas court affirmed a decision by the Zoning Hearing Board of South Whitehall Township (ZHB) that granted special exception and variance relief to Langston Equities, LLC (Applicant). Upon review, we remand to the trial court for a further opinion addressing the substance of the errors asserted by Objector.

Before the ZHB, Applicant appealed from denial of a special exception and variance and sought zoning relief in support of its proposed development of a commercial property. Objector opposed the requested relief. After the ZHB had completed the hearing process, Objector asked to have the record reopened in order

to present expert testimony in opposition to Applicant's requested zoning relief. The ZHB refused to reopen the record and granted both special exception and variance relief to Applicant.

Objector appealed to the common pleas court, requesting two alternative forms of relief. First, Objector sought reversal on the merits, arguing that Applicant failed to sustain its burden of proving entitlement to zoning relief. Reproduced Record (RR) at 45a-46a. In the alternative, Objector asked the common pleas court to remand the matter to the ZHB to reopen the record for additional testimony of Objector's expert witness and then issue a new decision. *Id.*

The common pleas court accepted briefs and held oral argument but took no additional evidence. In its brief and argument before the common pleas court, Objector preserved its argument that Applicant's evidence before the ZHB was insufficient to sustain its burden of proving entitlement to zoning relief. RR at 89a-94a & 137a-140a. Objector continued to make clear that it was seeking a remand for additional evidence only in the event that the common pleas court determined Applicant's evidence was otherwise sufficient to support the ZHB's decision. *Id.*

The common pleas court affirmed the ZHB's decision. Its supporting opinion accompanying its order, however, almost exclusively addressed Objector's request to reopen the record.[1] *See* Objector's Br., Ex. B. The common pleas court posited that Objector's request for reversal on the merits was "not based on the record and overlap[ped]" its remand request by suggesting that additional expert

---

[1] We observe that, on appeal before this Court, Objector has not renewed in its brief any argument that the ZHB should have reopened the record. *See generally* Objector's Br. Accordingly, that argument is waived and we will not consider it. *See Dobson Park Mgmt., LLC v. Prop. Mgmt.*, 203 A.3d 1134, 1139 (Pa. Cmwlth. 2019).

2

testimony would reveal the inadequacy of Applicant's evidence. *Id.* at 4. Notably, the common pleas court opined that Objector had not argued that Applicant failed to meet its burden of proof. *Id.* The common pleas court offered no analysis of the merits, only bare statements that the ZHB analyzed all the elements required for zoning relief and that its conclusions were supported by substantial evidence. *Id.* at 4-5.

Objector then appealed to this Court. The common pleas court's opinion submitted to this Court pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(a), consisted of a single paragraph that simply incorporated its original opinion, without having directed Objector to submit a statement of errors complained of on appeal pursuant to Rule 1925(b), Pa.R.A.P. 1925(b). Thus, the common pleas court did not correct its original failure to address the merits of the ZHB's decision.

This Court has observed that Rule 1925(a) "[r]equires a [common pleas] court, upon notice of appeal from an order issued by that court, to file an opinion detailing the reasons for the order" and that "[t]he purpose of the rule is to provide the appellate court with a reasoned basis for the [common pleas] court's order." *Lemon v. Dep't of Transp., Bureau of Driver Licensing*, 763 A.2d 534, 538 n.2 (Pa. Cmwlth. 2000). Here, our review demonstrates that, contrary to the common pleas court's suggestion, Objector did base its argument on cited evidence in the record. *See generally* RR at 40a-95a & 124a-72a. Moreover, Objector argued expressly, repeatedly, and at length that Applicant had not met its burden of proof. *Id.* However, the common pleas court failed to address those arguments in any substantive way.

3

Where, as here, the common pleas court has not taken additional evidence in a zoning appeal, this Court reviews the ZHB's decision for an error of law or a manifest abuse of discretion; such an abuse of discretion occurs only where the ZHB's findings are not supported by substantial evidence. *Artisan Constr. Grp. v. Zoning Hearing Bd. of Upper Pottsgrove Twp.*, 275 A.3d 80, 84 n.5 (Pa. Cmwlth. 2022). Nonetheless, even though we are ultimately reviewing the ZHB's decision, the common pleas court still must provide this Court with an explanation of its reasoning in order to provide us with a basis for review. *See id.* at 84.

For example, in *Artisan Construction*, the common pleas court reversed a ZHB decision without an explanation of its reasoning. *See* 275 A.3d at 83. In its subsequent Rule 1925(a) opinion, the common pleas court posited that the appeal in this Court should be quashed because the appellant's Rule 1925(b) statement of issues was filed late. *Id.* Because it recommended quashing the appeal, the common pleas court, in its Rule 1925(a) opinion, again failed to provide any explanation for its reversal of a ZHB decision. *Id.* at 84. The appellant argued that this Court could still review the ZHB's decision without the benefit of the common pleas court's reasoning. *Id.* We disagreed, explaining that the reasoning behind the common pleas court's reversal of the ZHB was not evident in either its order or the record. *Id.*

Here, the common pleas court's failure to provide any reasoning or analysis of Objector's arguments on the merits of the ZHB's decision has likewise deprived this Court of a basis for review. The common pleas court, in its original opinion, relied almost exclusively on its erroneous statement that Objector had not addressed the merits of its objections to Applicant's requested zoning relief; the opinion offered only a bare conclusion that the ZHB had not erred. Objector's Br.,

4

Ex. B at 4-5. The common pleas court's subsequent Rule 1925(a) opinion was simply an incorporation of the original opinion and still did not address the merits of Objector's appeal. Consequently, we are constrained to remand this matter to the common pleas court for a supplemental opinion setting forth its reasoning and analysis on the merits of Objector's appeal from the ZHB's decision. The common pleas court shall provide its supplemental opinion to this Court within 30 days after the date of the order accompanying this memorandum opinion.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| 1825 Rt. 309 Allentown, LLC, | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| Zoning Hearing Board of | : | |
| South Whitehall Township and | : | No. 487 C.D. 2022 |
| Landston Equities, LLC | : | |

O R D E R

AND NOW, this 17th day of August, 2023, this matter is REMANDED to the Court of Common Pleas of Lehigh County for a supplemental opinion in accordance with this Court's foregoing memorandum opinion. The supplemental opinion shall be issued within 30 days of the date of this order.

Jurisdiction is retained.

_____
CHRISTINE FIZZANO CANNON, Judge